Joshua ETS–HOKIN, Plaintiff–Appellant,

v.

SKYY SPIRITS INC., a Delaware corporation; Maurice Kanbar; Daniel Dadalt, aka Daniel Dadait, Defendants–Appellees,

and

John P. Benson; Unidigital–TX; Loretta J. Needham; Needham, Defendants.

Joshua Ets–Hokin, Plaintiff–Appellee,

v.

Skyy Spirits Inc., a Delaware corporation; Maurice Kanbar, Defendants–Appellants,

and

Daniel Dadalt, aka Daniel Dadait; Needham, Defendants.

Nos. 01–17411, 02–15126.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 16, 2003.

Filed March 14, 2003.

Christopher C. Welch, Newport, RI, for the plaintiff-appellant-appellee.

James Wesley Kinnear, Holme Roberts & Owen, LLP, San Francisco, CA, for the defendants-appellees-appellants.

Before SCHROEDER, Chief Judge, GOODWIN and CLIFTON, Circuit Judges.

SCHROEDER, Chief Judge.

This long-running litigation is fundamentally about how many ways one can create an advertising photograph, called a "product shot," of a blue vodka bottle. We conclude there are not very many. We therefore affirm the district court's summary judgment because the allegedly infringing photographs are not "virtually identical" as required upon application of the defensive doctrines of merger and

scenes a faire. We agree fully with the district court that such defenses were appropriately invoked.

Indeed, we held as much when this case was previously before this court. *See Ets–Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068 (9th Cir.2000). The facts and background of the case are contained in that opinion, and we repeat them here only as necessary.

In 1993, photographer Joshua Ets–Hokin took a series of photographs of Skyy's iconic blue vodka bottle for use in a marketing campaign. Skyy later hired two other photographers to photograph the bottle and used these photographs in advertising and other marketing materials. In 1996, Ets–Hokin filed this action against Skyy alleging infringement of his copyrights in the 1993 photographs.

The district court originally granted summary judgment in favor of Skyy on the ground that Ets–Hokin's photographs were not sufficiently original to merit copyright protection. We reversed, holding that the photographs met the minimal threshold of originality required for copyright protection, but noted that such protection was limited by the doctrines of merger and scenes a faire, which apply because of the narrow range of artistic expression available in the context of a commercial product shot. *See Ets–Hokin*, 225 F.3d at 1082. We instructed the district court to consider those defenses on remand, which it did, and they are now the subject of this appeal.

While the previous panel's majority opinion reflects that the applicable defenses were not before the court at that stage of the litigation, Judge Dorothy Nelson's dissent was prescient: "[A]s a matter of law, legal defenses such as scenes a faire and the merger doctrine prevent Ets–Hokin from prevailing on his copyright infringement claims." *Ets–Hokin*, 225 F.3d

at 1083 (D.W. Nelson, dissenting). We agree, and we now affirm the district court.

In this appeal, Ets–Hokin argues that the district court's decision is inconsistent with the principle recognized in *Burrow–Giles Lithographic Co. v. Sarony*, 111 U.S. 53, at 58, 4 S.Ct. 279, 28 L.Ed. 349 (1884), that photographs are entitled to copyright protection. This argument reflects a misconception of the district court's ruling, and indeed of the prior ruling of this court, neither of which questioned the copyrightability of photographs. Whether Ets–Hokin's photographs are subject to copyright protection is not before us either. We answered that question affirmatively in the previous iteration of this case. *See Ets–Hokin*, 225 F.3d at 1077. Rather, the question is the scope of Ets–Hokin's copyright within the limited landscape of commercial product shots.

■■■ Ets–Hokin argues that Skyy's photographs are substantially similar to those in which he holds the copyrights and that they are therefore infringing. However, his claim fails upon application of the defensive doctrines of merger and scenes a faire. As we previously explained:

> Under the merger doctrine, courts will not protect a copyrighted work from infringement if the idea underlying the work can be expressed only in one way, lest there be a monopoly on the underlying idea. In such an instance, it is said that the work's idea and expression "merge." Under the related doctrine of scenes a faire, courts will not protect a copyrighted work from infringement if the expression embodied in the work necessarily flows from a commonplace idea. . . .

*Ets–Hokin*, 225 F.3d at 1082. Likewise, when similar features of a work are "as a practical matter indispensable, or at least

standard, in the treatment of a given idea, they are treated like ideas and are therefore not protected by copyright." *Apple Computer Corp. v. Microsoft Corp.*, 35 F.3d 1435, 1444 (9th Cir.1994) (internal quotation marks and citation omitted).

Though the Ets–Hokin and Skyy photographs are indeed similar, their similarity is inevitable, given the shared concept, or idea, of photographing the Skyy bottle. When we apply the limiting doctrines, subtracting the unoriginal elements, Ets–Hokin is left with only a "thin" copyright, which protects against only virtually identical copying. *See Apple*, 35 F.3d at 1442 (9th Cir.1994). As we observed, in *Apple*, "[w]hen the range of protectable expression is narrow, the appropriate standard for illicit copying is virtual identity." *Id.* at 1439.

This principle has long been a part of copyright law. Indeed, as Judge Learned Hand observed in the context of stock dramaturgy: "The less developed the characters, the less they can be copyrighted; that is the penalty an author must bear for marking them too indistinctly." *Nichols v. Universal Pictures Corp.*, 45 F.2d 119, 121 (2d Cir.1930). The same is true here, where the range of protectable expression is constrained by both the subject-matter idea of the photograph and the conventions of the commercial product shot.

Skyy's photographs are not virtually identical to those of Ets–Hokin. Indeed, they differ in as many ways as possible within the constraints of the commercial product shot. The lighting differs; the angles differ; the shadows and highlighting differ, as do the reflections and background. The only constant is the bottle itself. The photographs are therefore not infringing.

■ Skyy cross-appeals the denial of attorney's fees it sought under 17 U.S.C. § 505 for fees incurred after remand from the Ninth Circuit. The Supreme Court identified the following non-exclusive list of factors to guide the award or denial of attorney's fees: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) (citation omitted). The Ninth Circuit has added as additional considerations: the degree of success obtained, the purposes of the Copyright Act, and whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff. *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 559–60 (9th Cir. 1996).

■ The only factor to weigh in Skyy's favor is the degree of success obtained. The remaining factors are either neutral or favor the denial of fees. "A district court's fee award does not constitute an abuse of discretion unless it is based on an inaccurate view of the law or a clearly erroneous finding of fact." *Fantasy, Inc.*, 94 F.3d at 556 (internal quotation marks and citation omitted). The district court's denial of Skyy's fee request had no such basis, and was not an abuse of discretion.

AFFIRMED.