THE TRADITIONAL CAT ASSOCIATION, INC.; Diana L. Fineran, Plaintiffs–Counter–Defendants–Appellees,

v.

Laura GILBREATH; Zimmerman; Randi Briggs; John Herold; Traditional Cat Association, a California Non-profit Mutual Benefit Corporation, Defendants–Counter–Claimants–Appellants.

No. 01–56595.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2003.*

Filed Aug. 19, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Darren J. Quinn, Law Offices of Darren J. Quinn, San Diego, CA, for the defendants-counter-claimants-appellants.

James W. Peterson, Goode, Hemme, Peterson & Sayler, San Diego, CA, for the plaintiffs-counter-defendants-appellees.

Before PREGERSON, THOMAS, Circuit Judges and OBERDORFER,** District Judge.

** The Honorable Louis F. Oberdorfer, Senior United States District Judge for the District of Columbia, sitting by designation.

## OPINION

OBERDORFER, District Judge:

Laura Gilbreath, Lee Zimmerman, Randi Briggs, John Herold, and the California non-profit mutual benefit association known as the Traditional Cat Association (the "defendants") appeal the district court's order denying their request for attorney's fees under the Copyright Act. They contend that the district court erred when it limited their recovery to fees attributable to copyright claims, without first considering whether the copyright and non-copyright claims were related. They also contend that the district court abused its discretion when it denied their fee request altogether for lack of adequate documentation. We have jurisdiction pursuant to 28 U.S.C. § 1291. As both of the defendants' claims are meritorious, we reverse and remand.

## I. BACKGROUND

This case arose out of dispute over who owns the right to use the name "Traditional Cat Association," and who owns the right to use, copy and disseminate certain documents (a constitution and by-laws, a registry, and "breed standards") developed by the original Traditional Cat Association. The plaintiffs are the Traditional Cat Association incorporated in the State of Washington and Diana L. Fineran, its head and also the founder in 1987 of the original Traditional Cat Association. In April 1999, they filed a complaint against the defendants for copyright infringement, conversion, trademark violations, unfair competition, and breach of trust. The defendants counterclaimed for declaratory relief, invalidation of copyrights, invalidation of trademarks, inten-

tional interference with contractual relations, defamation, intentional interference with prospective economic advantage, and conversion.

After a number of claims were voluntarily dismissed, including the defendants' claim for invalidation of copyrights, the parties proceeded to trial on the five remaining claims: the plaintiffs' claims for copyright infringement and conversion and the defendants' counterclaims for defamation, intentional interference with prospective economic advantage, and conversion. At the close of evidence, the defendants voluntarily dismissed their claim for intentional interference with prospective economic advantage. On the fifth day of trial, January 23, 2001, the only remaining copyright claims were resolved when the district court granted the defendants' motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) on the plaintiffs' claims for copyright infringement.

After the trial concluded,[1] the district court entered judgment for the defendants on the plaintiffs' copyright infringement claims.[2] The defendants, citing their successful defense of those claims, proceeded to file a motion for attorneys' fees pursuant to the Copyright Act of 1976, 17 U.S.C. § 505. On June 29, 2001, the district court ruled that the defendants were "entitled to attorney's fees as the prevailing party" on the plaintiffs' copyright infringement claims "in an amount to be determined by subsequent briefing."

As directed by the district court, the defendants "file[d] their detailed accounting of their requested amount of fees" on July 16, 2001. They requested 100% reimbursement, for the time period from the beginning of the case until the resolution of the copyright infringement claims on January 23, 2001, on the ground that all of the claims in the case rested on a "common core of facts or related legal theories." In the alternative, they asked for 80% reimbursement on the ground that 80% of their attorneys' time was spent on the copyright claims. In support of their request, they submitted (1) billing records showing that for the relevant time period their two attorneys had billed a total of $89,895,[3] with defense attorney Jay S. Kopelwitz billing 360 hours at $195.00 per hour and defense attorney Darren J. Quinn billing 101 hours at $195.00 per hour; (2) a declaration from Kopelwitz that he had been practicing law in San Diego since 1990, that $195.00 per hour did not reflect increases in his standard billing rate that occurred during the case, and that after reviewing "all of the billing entries ... as well as my notes and all of the pleadings and discovery files for this case[,] ... a fair apportionment of my time would be 80% in relation to the copyright issues and 20% in relation to the non-copyright issues"; (3) a declaration from Quinn that he had been practicing law since 1990, that $195 per hour was a discount off his normal billing rates, and that he "estimate[d] that time outside of trial that I spent solely researching and/or briefing non-copyright issues [wa]s approximately twenty (20) hours"; (4) a declaration from an intellectual property attorney in the San Diego area with ten years expe-

---

1. The jury was unable to reach a verdict on the plaintiffs' claim for conversion and the defendants' claim for defamation; on the defendants' claim for conversion, it found for the plaintiffs.

2. At the same time, the district court declared a mistrial on the plaintiffs' claim for conversion and the defendants' claim for defamation and referred the parties to a magistrate judge for settlement discussions on those claims.

3. The defendants noted that the amount of any attorney's fees award would have to be reduced by $5,382, the amount the plaintiffs had already been required to reimburse them when the magistrate judge granted the defendants' motion for discovery sanctions.

rience, Paul M. DeCicco, that his current billing rate was $225 per hour, an amount he believed to be "very close to the prevailing market rate for attorneys with a similar level of experience in the area of intellectual property litigation"; (5) a supplemental declaration from Kopelowitz, identifying specific tasks in relation to the copyright claims that required significant amounts of time; and (6) a supplemental declaration from Quinn, breaking down his billing records into smaller increments and describing more specifically the tasks completed.

The plaintiffs opposed the fee request. They argued that the defendants' were not entitled to a 100% recovery because the non-copyright claims were not "related," but "separate and distinct," and because the defendants' copyright invalidation claim, although related, was voluntarily dismissed before trial. The plaintiffs further argued that the defendants were not entitled to an 80% recovery because they did not adequately support their claim that 80% of the fees should be allocated to the copyright claims. They emphasized that twelve out of the fourteen claims were not copyright claims and that at trial the defendants had often referred to their defamation claim as their "main claim." As an alternative, the plaintiffs suggested a 25% recovery.

The district court agreed with the plaintiffs that the defendants were only entitled to recover fees attributable to their successful defense of the plaintiffs' copyright infringement claims, precluding a 100% recovery, and that the defendants' accounting did not adequately support their claim that 80% of their attorney's fees should be allocated to the copyright claims. Instead of arriving at a different allocation, or adopting the 25% recovery suggested by the plaintiffs, the district court denied the fee request altogether. It explained its decision as follows:

The court notes that Defendants were successful in their defense against Plaintiffs' copyright infringement claims only. There has been no determination made by the court on the remaining claims of defamation and conversion in this action. Additionally, Defendants had a counterclaim that attempted to invalidate Plaintiffs' copyright itself. Defendants dismissed this claim from their counterclaim just before trial. Defense counsel allege that they spent 80% of their time defending against Plaintiffs' copyright claim. However, they do no[t] provide a separate accounting of this apportioned time out of the 461 hours they allegedly spent on the entire action. Without a specific accounting corroborating that Defendants spent 80% of their time on a single claim, and some justification for why this claim took 80% of counsel's time, the court cannot agree that this is a reasonable fees request.

Plaintiffs' case proceeded to the jury on the claim of conversion of funds, and Defendants' counter-claims proceeded to the jury on the claims of conversion and defamation. The copyright claim was the fourth claim in this action. Defense counsel have not provided an explanation for why 80%, as opposed to a proportional amount of their time, was spent on the copyright issue, nor have they provided the time sheets corroborating that their time was so spent. Accordingly, the requested attorney's fees is denied.

## II. DISCUSSION

▮▮▮▮ Under the Copyright Act of 1976, a district court has the discretion to award "a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. In applying this provision, district courts are charged with two tasks: first, deciding whether an

award of attorneys' fees is appropriate,[4] and second, calculating the amount of fees to be awarded. This appeal by the defendants concerns only the latter—the calculation of a reasonable attorney's fee.[5] We review for abuse of discretion. *Fantasy, Inc. v. Fogerty,* 94 F.3d 553, 556 (9th Cir. 1996); *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.,* 122 F.3d 1211, 1216–17 (9th Cir.1997), *cert. denied,* 523 U.S. 1021, 118 S.Ct. 1302, 140 L.Ed.2d 468 (1998). A district court abuses its discretion when its decision is based on an inaccurate view of the law or a clearly erroneous finding of fact. *Id.*

The defendants challenge two aspects of the district court's order denying their fee request. First, they contend that the district court erred in assuming that they could only recover fees attributable to their copyright claims, rather than first deciding whether the copyright and noncopyright claims were related. They argue that if all of the claims in the case are "related," they are entitled to recover 100% of their fees. Second, they contend that even if the district court properly limited their recovery to fees attributable to the copyright claims, it abused its discretion when it denied the fee request altogether for lack of adequate documentation.

## A. Related Claims

██ Controlling precedent establishes "that a party entitled to attorney's fees as a prevailing party on a particular [copyright] claim, but not on other claims in the same lawsuit, can only recover attorney's fees incurred in defending against that one claim or any 'related claims.'" *Entertainment Research Group,* 122 F.3d at 1230 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434–35, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)); *cf. Schwarz v. Sec'y of Health and Human Services,* 73 F.3d 895, 903 (9th Cir.1995) (under fee-shifting provisions of Title VII, prevailing party cannot recover for unrelated claims). *But cf. Gracie v. Gracie,* 217 F.3d 1060, 1069 (9th Cir.2000) (under Lanham Act, prevailing party cannot recover legal fees incurred in litigating non-Lanham Act claims "*unless* the Lanham Act claims and non-Lanham Act claims are so intertwined that it is *impossible to differentiate* between work done on claims") (internal quotations omitted).

Following *Entertainment Research Group,* the first step in the calculation of a reasonable attorney's fee in the present case should have been to decide if the copyright and non-copyright claims are related. The district court's opinion does not indicate that it answered this question. Its conclusion that only fees attributable to the copyright claim are recoverable could have been based on an unstated finding that the copyright and non-copyright claims were not related, but it just as easily could have been based on a belief that relatedness was irrelevant because as a matter of law only fees attributable to

**4.** *See Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) ("Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion."). In exercising this discretion, district courts are given "wide latitude." *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.,* 122 F.3d 1211, 1229 (9th Cir.1997), *cert. denied,* 523 U.S. 1021, 118 S.Ct. 1302, 140 L.Ed.2d 468 (1998). Some of the factors that

a district court might consider are: "(1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence." *Id.*

**5.** The plaintiffs have not challenged the district court's decision that the defendants are entitled to apply to recover fees.

the copyright claims were recoverable. *Cf. Gracie*, 217 F.3d at 1069. Accordingly, the case must be remanded to permit the district court to rule on the issue of whether the copyright and non-copyright claims are related.

## B.  Unrelated Claims

■ If the copyright and non-copyright claims are not related, the defendants can only recover fees attributable to the copyright claims. The district court concluded that documentation submitted by the defendants made such an apportionment impossible. The defendants claim that the district court's ruling was an abuse of its discretion. We agree.

■ Where a district court must apportion fees, "the impossibility of making an *exact* apportionment does not relieve the district court of its duty to make *some* attempt to adjust the fee award in an effort to reflect an apportionment." *Gracie*, 217 F.3d at 1070. Although *Gracie* concerned the fee-shifting provisions of the Lanham Act, we see no reason not to apply a similar standard in reviewing a fee award under the Copyright Act.[6]

In the present case, the district court denied fees altogether rather than making an attempt to apportion fees between the copyright and non-copyright claims. While we can conceive of a case where the party seeking fees would have so little evidence supporting a fee request that a wholesale denial might be appropriate, this is not it. The defendants provided the court with a significant amount of information. The fact that it is not a simple task to discern from this data precisely what fees are attributable to the copyright claims does not excuse a failure to make such an allocation. In addition to the evi-

dence submitted by the defendants, the district court had other knowledge at its disposal, particularly its personal knowledge of the case, the substance of the pleadings, orders and opinions, the course of the trial, and a sense of what the case was "about" and what part the copyright claims played in the overall makeup of the case. It also could have sought to supplement the record through live testimony, making credibility judgments if necessary, additional declarations, or other documentation. A fee award thus determined and explained would be a proper exercise of discretion. The district court's failure to take any of these steps, or even to attempt to calculate a reasonable fee award based on the information it had, was an abuse of its discretion.

## C.  Remand

For the reasons stated above, the district court's order denying the defendants' fee request is reversed and the case is remanded for further proceedings consistent with the foregoing opinion. On remand, the district court should first decide whether the copyright and non-copyright claims are related. If they are, then the district court should proceed to calculate a "reasonable" fee award.

If the district court determines that the copyright and non-copyright claims are not related, the defendants cannot recover fees for the non-copyright claims, but the district court must attempt to arrive at a fair apportionment and then calculate a reasonable fee award. As we have explained:

> There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or

6.  As previously noted, this Court treats the calculation of fee awards under the Lanham Act and the Copyright Act somewhat differently, *compare* Gracie, 217 F.3d at 1069 *with*

*Entertainment Research Group*, 122 F.3d at 1230, but the district court's obligation to exercise its discretion is the same under both statutes.

it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment. This discretion, however, must be exercised in light of the considerations we have identified. *Entertainment Research Group,* 122 F.3d at 1230–31 (quoting *Hensley,* 461 U.S. at 436–37, 103 S.Ct. 1933); *see also Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.,* 106 F.3d 284, 296 (9th Cir.1997) (district court must provide a "proper explanation of any fee award") (internal quotations omitted).

REVERSED AND REMANDED.