**INVISION MEDIA SERVICES, INC., Plaintiff—Appellant,**

v.

**GLEN J. LERNER, a professional corporation, dba Glen J. Lerner and Associates; et al., Defendants—Appellees.**

**Invision Media Services, Inc., Plaintiff—Appellee,**

v.

**Glen J. Lerner, a professional corporation, dba Glen J. Lerner and Associates; et al., Defendants—Appellants,**

**and**

**Glen J. Lerner Legal Services, Defendant.**

Nos. 04–16206, 04–16533.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2006.

Decided April 13, 2006.

Jeffrey J. Whitehead, Esq., Henderson, NV, Todd E. Zenger, Esq., Kirton & McConkie, Salt Lake City, UT, for Plaintiff–Appellant.

John T. Moran, III, Esq., Moran & Associates, Las Vegas, NV, J. G. Lunney, Esq., New Orleans, LA, for Defendants–Appellees.

Before: THOMPSON, BERZON, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Appellant Invision Media Services, Inc. ("Invision") appeals the award of attorneys fees to Appellee Glen J. Lerner, P.C. ("Lerner") after judgment for Lerner was entered on a jury verdict in the trial of Invision's Lanham Act and Copyright Act claims and Lerner's Lanham Act counterclaims. Invision argues the district court erred when it found that the case was "exceptional," as required for an award of fees under the Lanham Act. See 15 U.S.C. § 1117(a). It further argues that the dis-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

trict court abused its discretion in awarding fees under the Copyright Act. 17 U.S.C. § 505. In his cross-appeal, Lerner contends that the district court erred in ruling that one of Lerner's attorneys was ineligible for fees under both the Copyright and Lanham Acts for work performed prior to his formal enrollment as counsel in the case.

## I

Whether a case is "exceptional" within the meaning of § 1117(a) of the Lanham Act is a question of law which we review de novo. *Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 825 (9th Cir. 1997). Where a trademark case is exceptional, we review a district court's decision to award attorney's fees for abuse of discretion. *Id.*

"While the term 'exceptional' is not defined in the statute, generally a trademark case is exceptional for purposes of an award of attorneys' fees when the infringement is malicious, fraudulent, deliberate or willful." *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1409 (9th Cir.1993). In making its determination that this case is exceptional, the district court did not make specific findings. Instead, it relied in part on the jury's finding that Invision's infringement of Lerner's trademark was willful and in part on evidence that the infringement resulted in actual confusion. While a jury finding of willful infringement is relevant to the question of whether a case is exceptional, it is insufficient on its own to support an award of fees in the absence of some aggravating circumstance or heightened level of culpability. *See Watec Co., Ltd. v. Liu*, 403 F.3d 645, 656 (9th Cir.2005) (whether case is exceptional is a question of law for the court and does not follow automatically from a jury finding of intentional infringement); *Gracie v. Gracie*, 217 F.3d 1060, 1068–69 (9th Cir.2000) (jury finding of willfulness sufficient for

court to find case exceptional where jury additionally found bad faith). Here, the reliance on the special jury verdict that the infringement was willful is made more problematic by the fact that the term "willful" was not defined for the jury.

Further, the district court did not directly address the merits of Invision's claims or defenses, including Invision's central contention with regard to fees— that it acted at all times on a reasonable belief that it owned the disputed trademark. If that belief was in fact reasonable, then the decision to act on the belief by relicensing the asserted trademark, the basis for the district court's comment regarding actual consumer confusion, takes on a different cast. *See Blockbuster Videos, Inc. v. City of Tempe*, 141 F.3d 1295, 1300 (9th Cir.1998) (case is not exceptional if the defendant "might have reasonably thought that its ... usage was not barred by the statute." (quoting *Int'l Olympic Comm. v. San Francisco Arts & Athletics*, 781 F.2d 733, 738–39 (9th Cir.1986))). Also, the district court did not explain whether there were aspects of the manner in which this case was litigated—for example the withdrawal of the motion for preliminary injunction—that made this case exceptional, and if so, why. Without such an explanation by the trial judge, who is considerably more familiar with the merits of the trademark issues and the litigation dynamic in this case than we are, we are impeded in determining whether the case meets the legal standard for an award of fees under the Lanham Act. *See Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 815 (9th Cir.2003) (district court's findings in support of attorney fee award under the Copyright and Lanham Acts "must be explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision, and to enable it to determine the ground on which the trial court reached its decision").

Accordingly, we vacate the award of fees under the Lanham Act and remand the case for express findings as to the basis for the conclusions that the case is exceptional, and, if so, that it merits the award of discretionary fees. *Id.*

## II

Under § 505 of the Copyright Act, "the court in its discretion may ... award a reasonable attorney's fee to the prevailing party as part of the costs." We review the district court's decision to award attorneys fees under the Copyright Act for an abuse of discretion. *Ets–Hokin v. Skyy Spirits, Inc.,* 323 F.3d 763, 766 (9th Cir.2003).

■ Invision's failure to meet the jurisdictional prerequisite of registering its copyrights prior to filing suit, see 17 U.S.C. § 411(a), rendered its Copyright Act claims objectively unreasonable. In these circumstances, we cannot conclude that the district court abused its discretion in awarding fees on the copyright claims. *See Smith v. Jackson,* 84 F.3d 1213, 1221 (9th Cir.1996) (fees appropriate where copyright claim is objectively unreasonable). Nevertheless, because the district court did not separately determine the amount of fees attributable to the copyright and trademark claims, and because, as described below, it applied the incorrect legal standard in refusing to award fees for pre-enrollment work performed by attorney Glynn Lunney, we vacate the award of fees on the Copyright Act claim and remand for consideration of the proper amount of the award.

## III

■ In determining the amount of the fee award, the district court held that neither the Copyright Act nor the Lanham Act authorized fees for work performed by attorneys not formally enrolled as counsel. It therefore excluded fees for time spent by J. Glynn Lunney, one of Lerner's attorneys who had apparently participated extensively in litigating the case, but had not made a formal appearance until the hearing on the fee motion. The district court's construction of the attorney fee provisions of the Lanham and Copyright Acts is unsupported by the language of either statute and is contrary to the great weight of authority interpreting similar statutory fee shifting provisions. In a related context, the Supreme Court has held that the term "attorneys' fee" "refer[s] to a reasonable fee for the work product of an attorney," whether or not the work was "performed personally by members of the bar." *Missouri v. Jenkins,* 491 U.S. 274, 285, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989) (interpreting the civil rights attorney fee provision, 42 U.S.C. § 1988). As non-attorneys do not enter appearances, there seems no basis for requiring an attorney who actulaly contributed to the work product of another attorney to do so. Accordingly, the district court abused its discretion in refusing to award fees for work performed by attorney Glynn Lunney prior to his formal appearance in the case. *See Richard S. v. Dept. of Developmental Servs.,* 317 F.3d 1080, 1085–86 (9th Cir.2003) ("A district court abuses its discretion if its ruling on a fee motion is based on an inaccurate view of the law.") (citing *Barjon v. Dalton,* 132 F.3d 496, 500 (9th Cir.1997)) (internal quotation marks omitted). Our holding does not, of course, preclude the district court on remand from assessing the fees charged by Mr. Lunney according to the criteria usually applied in determining the amount of fees awarded.

For the reasons stated above, we vacate the district court's award of attorneys fees. We remand the case to the district court for the limited purpose of providing a further explanation in accordance with this disposition of the reasons the trademark claim is exceptional and merits the award of discretionary fees, and for determining

of the proper amount of the final award consistent with this disposition. The parties are directed to report on the status of those proceedings within 60 days after the issuance of our limited remand mandate. This panel retains jurisdiction over the appeal.

**VACATED** and **REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.