**BRIGHTON COLLECTIBLES, INC.,**
a California corporation,
Plaintiff—Appellee,

v.

**RENAISSANCE GROUP INTERNATIONAL,** a New Jersey company; **Ralph's Grocery Company,** an Ohio corporation, Defendants—Appellants.

No. 06–56008.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 2007.

Filed June 20, 2007.

Sylvia P. Lardiere, Esq., Browne Woods & George, LLP, Beverly Hills, CA, Steven W. Winton, Winton And Larson, San Diego, CA, for Plaintiff–Appellee.

Pamela E. Dunn, Dunn Koes LLP, Pasadena, CA, Michelle M. McCliman, Esq.,

Wang Hartmann & Gibbs PC, Newport Beach, CA, for Defendants–Appellants.

Before: KOZINSKI and TROTT, Circuit Judges, and MOLLOY *, District Judge.

## MEMORANDUM **

■ **1.** There is no merit to Renaissance's claim that decorative elements used on watches are unprotected when used on purses. *See Worth v. Selchow & Righter Co.*, 827 F.2d 569, 570 n. 1 (9th Cir.1987) (portions of a copyrighted work are protected). Even if there were, Brighton has used its Carolina heart on purses and is thus entitled to protection. Although the copyright was registered for a watch, the use of the heart on purses is still entitled to copyright protection. *See* 17 U.S.C. § 302(a) (copyright is secured at creation of work, not at registration).

The district court pointed to several major similarities between Renaissance's heart and the copyrighted Carolina heart, and Renaissance has identified no differences. It thus was within the court's authority to enjoin Renaissance from distributing products using that heart. *See ETS–Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 765 (9th Cir.2003) (even if copyright is "thin," virtually identical copying is prohibited).

■ **2.** Because there was evidence that Renaissance's dangling heart actually confused some consumers who were familiar with Brighton's mark, the district court

---

* The Honorable Donald W. Molloy, Chief United States District Judge for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

did not err in finding it likely that Brighton would prove the two marks to be confusingly similar. While customers may have been unlikely to be confused when purchasing the bags, the district court did not err in finding there was a likelihood of post-sale confusion. *See Levi Strauss & Co. v. Blue Bell, Inc.,* 632 F.2d 817, 822 (9th Cir.1980) (likelihood of confusion need not be established at point of sale).

The district court's injunction does not prevent Renaissance from using all decorative hearts. Renaissance is free to sell a bag with a dangling heart that is not likely to be confused with Brighton's. If Renaissance has any doubts about whether use of a particular design would violate the injunction, it may submit it to the district court for preclearance.

The district court thus did not abuse its discretion in enjoining Renaissance's distribution of Item No. 81131. *See AMF, Inc. v. Sleekcraft Boats,* 599 F.2d 341, 348–49 (9th Cir.1979).

█ 3. The district court properly concluded that it was likely that the "size, shape and color" of Item No. 81131 was confusingly similar to a purse manufactured by Brighton. *Mattel Inc. v. Walking Mountain Prods.,* 353 F.3d 792, 808 n. 13 (9th Cir.2003) (legal standard for trade dress claims is whether the "total image" is similar) (internal quotation omitted). It thus did not abuse its discretion in enjoining production of that bag on trade-dress infringement grounds. *See Sports Form, Inc. v. United Press Int'l Inc.,* 686 F.2d 750, 752 (9th Cir.1982).

█ 4. Renaissance petitioned for bankruptcy after this appeal was briefed and argued. The automatic stay, 11 U.S.C. § 362(a), enjoins parties from proceeding against the debtor. The courts may issue rulings in ongoing litigation involving the debtor in limited circumstances where such rulings are "consistent with the purpose of [section 362(a)]." *O'Donnell v. Vencor Inc.,* 466 F.3d 1104, 1110 (9th Cir.2006) (alteration in original, quotation marks removed). This case had already been briefed and fully argued, and the disposition does not upset the status quo or affect the property of the debtor. We issue this memorandum to aid the bankruptcy court in determining the proper disposition of debtor's assets.

**AFFIRMED.**