**ESTATE OF Gunter S. ELKAN,**
Plaintiff–Appellant/Cross–Appellee,

v.

**HASBRO, INC., and its wholly owned subsidiary Milton Bradley Company,** Defendants–Appellees/Cross–Appellants.

Nos. 06–35027, 06–35203.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.*

Filed Dec. 5, 2007.

Roy B. Thompson, Lake Oswego, OR, for Plaintiff–Appellant/Cross–Appellee.

Suzanne C. Lacampagne, Esq., Kieran J. Curley, Esq., Miller Nash, LLP, Port-

---

* This panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2).

land, OR, Jonathan E. Moskin, Esq., White & Case LLP, New York, NY, for Defendants–Appellees/Cross–Appellants.

Before: O'SCANNLAIN, GRABER, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Plaintiff Estate of Gunter S. Elkan sued Defendants Hasbro, Inc., and its wholly owned subsidiary Milton Bradley Company for copyright infringement of Plaintiff's board game "Strategy," allegedly caused by Defendants' board game "Stratego." The district court granted Defendants' motion for summary judgment, ruling that Defendants lacked access to Plaintiff's work. Defendants moved for the award of attorney fees, which the district court denied. Plaintiff appeals the grant of summary judgment, and Defendants cross-appeal the denial of attorney fees.

We review de novo a district court's grant of summary judgment. *Scribner v. Worldcom, Inc.,* 249 F.3d 902, 907 (9th Cir.2001). We review for abuse of discretion a district court's denial of a request for attorney fees under the Copyright Act, *Ets–Hokin v. Skyy Spirits Inc.,* 323 F.3d 763, 766 (9th Cir.2003), and denial of a request for an attorney fee sanction under 28 U.S.C. § 1927, *Barber v. Miller,* 146 F.3d 707, 709 (9th Cir.1998). "[W]e may affirm the district court for any reason supported by the record," *United States v. Ortega–Ascanio,* 376 F.3d 879, 885 (9th Cir.2004), and do so here.

1. Under the Copyright Act, "[t]he legal ... owner of an exclusive right under a copyright is entitled ... to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). Plaintiff does not dispute that its United States copyright for Strategy expired in 1976, at which time Strategy passed into the public domain. *See Dastar Corp. v. Twentieth Century Fox Film Corp.,* 539 U.S. 23, 33–34, 123 S.Ct. 2041, 156 L.Ed.2d 18 (2003). Plaintiff argues that its Canadian copyright for Strategy provides independent protection under the Copyright Act and restores the United States copyright under 17 U.S.C. § 104A. We disagree.

■ Although "[b]oth the Universal Copyright Convention ... and the Berne Convention for the Protection of Literary and Artistic Works ... mandate a policy of national treatment in which copyright holders are afforded the same protection in foreign nations that those nations provide their own authors," *Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.,* 61 F.3d 696, 700 (9th Cir.1995), "[a]ny rights in a work eligible for protection under [the Copyright Act] ... *shall not be expanded or reduced* by virtue of, or in reliance upon, the provisions of the Berne Convention, or the adherence of the United States thereto," 17 U.S.C. § 104(c) (emphasis added). The rights to Strategy not only were *eligible* for protection under the Copyright Act, they were protected when Plaintiff obtained a United States copyright. Consequently, the Canadian copyright cannot expand the rights to Strategy here in the United States beyond those provided by the United States copyright, which Plaintiff admits expired but alleges has been restored.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

In order for a foreign copyright to restore an expired United States copyright, a published work must have been published first in the foreign country and "not published in the United States *during the 30–day period following publication in such eligible country.*" *Id.* § 104A(h)(6)(D) (emphasis added). The Canadian copyright and United States copyright each lists the initial publication date for Strategy in its respective country as May 25, 1948. Those publication dates preclude restoration of the United States copyright under § 104A(h)(6). Plaintiff does not have a valid, enforceable copyright under the Copyright Act.

2. In determining whether Defendants were entitled to attorney fees under the Copyright Act, 17 U.S.C. § 505, the district court faithfully followed *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). On the question of sanctions under 28 U.S.C. § 1927, Defendants failed to provide a complete record of the district court's decision, in violation of Federal Rule of Appellate Procedure 10(b)(1)(A). This failure alone provides an independent basis on which to affirm. *See Cmty. Commerce Bank v. O'Brien (In re O'Brien),* 312 F.3d 1135, 1137 (9th Cir.2002) (order) ("[T]he failure to present a sufficient record can itself serve as a basis for summary affirmance."). Regardless, it is clear from the record that the district court did not abuse its discretion in denying attorney fees.

AFFIRMED.