**D.A.D.S. DENIM, INC., a California corporation, Plaintiff—Appellee,**

v.

**Lillian RAMIREZ, an individual, Defendant—Appellant,**

**Roberts Raspe & Blanton, LLP, Appellee,**

and

**Radisson Hotel International, Inc., a Delaware corporation, Defendant.**

No. 06–56844.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 29, 2008.

Peter W. Ross, Esq., Browne Woods & George, LLP, Beverly Hills, CA, for Plaintiff–Appellee.

Robert G. Klein, Los Angeles, CA, for Defendant–Appellant.

Steven F. Raspe, Esq., Roberts Raspe & Blanton, LLP, Los Angeles, CA, for Appellee/Defendant.

Before: TASHIMA, SILVERMAN, and CALLAHAN, Circuit Judges.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Lillian Ramirez appeals pro se from the district court's post-judgment orders after a jury found that she infringed on D.A.D.S. Denim, Inc.'s copyright and trademark for its Citizens of Humanity jeans. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion. *See Ets–Hokin v. Skyy Spirits, Inc.,* 323 F.3d 763, 766 (9th Cir.2003) (attorney fee award for copyright infringement), *Earthquake Sound Corp. v. Bumper Indus.,* 352 F.3d 1210, 1216 (9th Cir. 2003) (attorney fee award for trademark infringement), *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1262 (9th Cir.1993) (denial of Fed. Rule Civ. Pro. 60(b) motion). We affirm.

The district court did not abuse its discretion when it awarded attorneys' fees to D.A.D.S. on its copyright claim. *See Ets–Hokin,* 323 F.3d at 766 (setting forth nonexclusive factors to guide the award or denial of attorneys' fees).

Similarly, the district court did not abuse its discretion when it determined that D.A.D.S. was entitled to attorneys' fees on its trademark claim because, on de novo review, the circumstances here were "exceptional" under 15 U.S.C. § 1117(a). *Earthquake Sound,* 352 F.3d at 1216 (stating that whether circumstances are "exceptional" is a question of law reviewed de novo); *see also Gracie v. Gracie,* 217 F.3d 1060, 1071 (9th Cir.2000) (explaining that "exceptional circumstances" can be found for purposes of attorney fee awards when the non-prevailing party's case is "groundless, unreasonable, vexatious, or pursued in bad faith").

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court did not abuse its discretion in denying Ramirez's motion to amend or alter the judgment because Ramirez failed to show good cause. *See ACandS*, 5 F.3d at 1263 (setting forth elements for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure).

Ramirez's remaining contentions, including that the district court abused its discretion when it granted non-party Roberts, Raspe & Blanton, LLP's motion to quash and motion for a protective order, are not persuasive.

We instruct the Clerk to file the transcripts received on August 27, 2007.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.