
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CENTURY TILE, INC., a California corporation, DBA Malaga Cove Tile, DBA Stone & Pewter Accents; CARL STEADLY, an individual, | No. 10-56084 |
| | D.C. No. 2:08-cv-01993-GW-PLA |
| Plaintiffs - Appellants, | |
| | MEMORANDUM* |
| v. | |
| HIRSCH GLASS COMPANY, a New Jersey corporation; PARAGON INDUSTRIES, INC., a California corporation, DBA Bedrosian Tile & Marble; ALYSEDWARDS TILE & STONE, an unknown California entity, | |
| Defendants - Appellees. | |

| | |
|---|---|
| CENTURY TILE, INC., a California corporation, DBA Malaga Cove Tile, DBA Stone & Pewter Accents; CARL STEADLY, an individual, | No. 10-56389 |
| | D.C. No. 2:08-cv-01993-GW-PLA |
| Plaintiffs - Appellees, | |
| v. | |

_____

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

HIRSCH GLASS COMPANY, a New Jersey corporation; PARAGON INDUSTRIES, INC., a California corporation, DBA Bedrosian Tile & Marble; ALYSEDWARDS TILE & STONE, an unknown California entity,

Defendants - Appellants.

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted January 13, 2012
Pasadena, California

Before:    W. FLETCHER and FISHER, Circuit Judges, and ZOUHARY, District Judge.[**]

Plaintiffs-Appellants are Carl Steadly, who owns the copyrights at issue, and his exclusive licensee Century Tile (collectively "Steadly"). Defendants-Appellees are Hirsch Glass Co. and Paragon Industries (collectively "Hirsch"). Steadly and Hirsch compete in the design, manufacture, and sale of glass tile mosaics. Steadly sued Hirsch to enforce several copyrights to glass tile mosaics that he registered with the Copyright Office. He also alleged a trademark claim under the Lanham Act.

---

[**]    The Honorable Jack Zouhary, District Judge for the U.S. District Court for Northern Ohio, sitting by designation.

2

The district court entered judgment in favor of Hirsch on the trademark and copyright claims, but it denied Hirsch's motion for attorney's fees. Steadly appeals the judgment on the copyright claim. Hirsch cross-appeals the denial of attorney's fees.

Steadly claims that the mosaic designs possess copyrightable "color expressions" consisting of color blends, color streaking, and the appearance of random arrangements to evoke a "natural effect." Hirsch contends that any copyright protection of Steadly's designs is thin and so requires "virtual identity" to raise a claim of infringement.

We agree with the district court's analysis of the copyright claim. First, Steadly enjoys a presumption of validity because he filed suit within five years of registering his copyright. Second, Steadly's designs substantially comprise uncopyrightable elements (including coloring, color blends, streaking, and the appearance of randomness). Thus, protection over his designs is thin. *See Satava v. Lowry*, 323 F.3d 805, 811-13 (9th Cir. 2003) (holding copyright protection to a work is thin if originality expressed in combination of uncopyrightable elements is not sufficiently substantial). Third, Hirsch's designs are not "virtually identical" to Steadly's because the streaking effect, color blends, and appearance of randomness

3

in Hirsch's designs are different for the persuasive reasons given by the district court.

We reject Hirsch's cross-appeal of the attorney's fees orders. We review a district court's order on attorney's fees under the Copyright and Lanham Acts for abuse of discretion. *See Ets-Hokin v. Skyy Spirits Inc.*, 323 F.3d 763, 766 (9th Cir. 2003) (Copyright Act); *Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1216 (9th Cir. 2003) (Lanham Act).

As to the attorney's fees order under the Copyright Act, the district court correctly identified the multifactor test that we have endorsed and reasonably applied it. *See, e.g., Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1120 (9th Cir. 2007); *Ets-Hokin*, 323 F.3d at 766. Contrary to Hirsch's contention, the district court considered the fact that Steadly enjoyed a presumption of validity under the Copyright Act as one among many reasons to deny attorney's fees.

As to the attorney's fees order under the Lanham Act, we note the "uphill battle" that Hirsch faces on appeal. *Gracie v. Gracie*, 217 F.3d 1060, 1071 (9th Cir. 2000). "First, the remedy is available only in 'exceptional cases.' Second, the statute provides that the court 'may' award fees; it does not require them. Finally, the Senate Report expressly commends this decision to the discretion of the [trial] court." *Polo Fashions, Inc. v. Dick Bruhn, Inc.*, 793 F.2d 1132, 1134 (9th Cir.

4

1986). The district court acted within its discretion in denying attorney's fees. Steadly's claim, though meritless, was not vexatious, unjustifiable, or based on false evidence. *Compare Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 615-16 (9th Cir. 2010); *Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 510-11 (9th Cir. 2011).

**AFFIRMED.**