NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DISNEY ENTERPRISES, INC., | No. 10-56782 |
| Plaintiff - Appellee, | D.C. No. 2:02-CV-08508-JFW-PLA |
| v. | |
| STEPHEN SLESINGER, INC., | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted November 5, 2012
Pasadena, California

Before: D.W. NELSON and O'SCANNLAIN, Circuit Judges, and GONZALEZ, Chief District Judge.**

Stephen Slesinger, Inc. ("SSI") appeals the district court's denial of its

motion for attorney's fees under the Copyright Act. We have jurisdiction under 28

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Irma E. Gonzalez, District Judge for the U.S. District Court for Southern California, sitting by designation.

U.S.C. § 1291, and, reviewing the district court's order for an abuse of discretion, *Ets-Hokin v. Skyy Spirits Inc.*, 323 F.3d 763, 766 (9th Cir. 2003), we affirm.

The district court did not err when it ruled on SSI's fee application without holding a hearing. The rules only require that a district court give the parties "notice and an opportunity to be heard," Fed. R. Civ. P. 53(f)(1), which "does not require an oral or evidentiary hearing on the issue." *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). And the district court's reference order to the Special Master merely clarified that the court, and not the parties, would set hearings on objections or motions stemming from the Special Master's report and recommendations.

Nor did the district err by failing to give SSI the opportunity to respond to Disney Enterprises, Inc.'s ("Disney") objections to the Special Master's report and recommendations. SSI never sought leave from the district court to respond to Disney's objections. But even if it had, a party is entitled to object to a master's report, but not to respond to a counterparty's objections. Fed. R. Civ. P. 53(f)(2).

Finally, the district court did not abuse its discretion when it rejected the Special Master's recommendation that SSI be permitted to submit additional billing records and denied SSI's fee application in its entirety. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the

2

appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Here, the district court reviewed the Special Master's Report and Recommendation, examined SSI's fee application, and concluded that SSI had failed to carry its burden because the application was "vague and overreaching." This conclusion was within the district court's "broad discretion." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 695 F.3d 946, 957 (9th Cir. 2012).

Relying on *The Traditional Cat Ass'n v. Gilbreath*, 340 F.3d 829 (9th Cir. 2003), SSI argues that it is always an abuse of discretion for a district court to "den[y] fees altogether rather than making an attempt to apportion fees between the copyright and non-copyright claims." *Id.* at 834. But the district court in *Gilbreath* concluded that the defendants were substantively entitled to fees before it denied the fee application for want of documentation. Here, by contrast, neither the Special Master nor the district court held that SSI was substantively entitled to a fee award.

**AFFIRMED**.