NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GREG YOUNG PUBLISHING, INC., a corporation,

               Plaintiff-Appellant,

  v.

ZAZZLE, INC., a California corporation,

               Defendant-Appellee,

 and

DOES, 1-10,

               Defendant.

No.    20-55812

D.C. No.
2:16-cv-04587-SVW-KS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted August 4, 2021**
Pasadena, California

Before:  PAEZ, CALLAHAN, and BENNETT, Circuit Judges.

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     \*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Greg Young Publishing, Inc. ("Young") appeals the district court's order denying its renewed motions for permanent injunctive relief and attorneys' fees in its action under the Copyright Act against Zazzle, Inc. We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion each of the district court's denials of Young's motions, *see Or. Coast Scenic R.R. v. Or. Dep't of State Lands*, 841 F.3d 1069, 1072 (9th Cir. 2016) (denial of permanent injunctive relief); *Williams v. Gaye*, 895 F.3d 1106, 1132 (9th Cir. 2018) (denial of attorneys' fees), we affirm.[1]

**1.** The district court did not abuse its discretion in denying Young's renewed motion for a permanent injunction. To obtain injunctive relief, Young was required to demonstrate "a likelihood of irreparable harm." *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 998 (9th Cir. 2011) (per curiam). On remand, Young presented evidence of intervening events since the district court's initial denial of a permanent injunction. *Zazzle,* 785 F. App'x at 418 n.1. Young

---

[1] In a prior appeal in this case, we affirmed the district court's denial of Young's motions for a permanent injunction and attorneys' fees. *Greg Young Publ'g, Inc. v. Zazzle, Inc.*, 785 F. App'x 417, 418-19 (9th Cir. 2019). We left open the possibility that Young could renew those motions on remand, on limited grounds. *Id.* at 418 n.1, 419 n.2. To the extent that Young advances arguments in support of its renewed motions beyond the scope of those limited grounds, those arguments are foreclosed because our prior decision constitutes law-of-the-case on those issues, and our prior holdings defined the scope of arguments available to Young on remand. *Snapp v. United Transportation Union*, 889 F.3d 1088, 1096 (9th Cir. 2018) (law-of-the-case); *United States v. Kellington*, 217 F.3d 1084, 1094 (9th Cir. 2000) (rule of mandate).

subsequently presented evidence of four alleged intervening copyright infringements by Zazzle.

Three of the alleged infringements consisted of images that were "display-only" on Zazzle's website or third-party websites connected to Zazzle. The district court did not err in determining that Young "cannot claim that Zazzle was 'caught infringing' post-trial . . . when [Young] did not even challenge during trial whether display-only images were infringement." The one remaining instance of alleged intervening infringement involved a single purchase of a copyrighted work that was made by Young's counsel at Young's behest. Irreparable harm, however, is not automatically established by a finding of copyright infringement. *Flexible Lifeline Sys.*, 654 F.3d at 998. The district court did not err in determining that a remedy at law could adequately address the single instance of alleged infringement and that a multiplicity of suits would not be required. Thus, the district court did not abuse its discretion in concluding that Young presented insufficient evidence of irreparable harm to warrant an injunction.

2.      The district court did not abuse its discretion in denying Young's renewed motion for attorneys' fees. In Young's prior appeal, we affirmed the district court's denial of attorneys' fees but permitted Young to seek reconsideration on remand in light of our determination that five instances of Zazzle's infringements were

willful, our reinstatement of the jury award, and Young's consequent increased degree of success on the merits. *Zazzle*, 785 F. App'x at 419 n.2.

On remand the district reasoned that, even considering Young's additional litigation success, the balance of factors for an award of attorneys' fees still did not weigh in favor of Young. The district court acknowledged that the reinstatement of the jury award raised the percentage of damages that Young obtained as a portion of those it sought from 16% to 21%, but determined that this increase based on the reinstatement of findings of willfulness on five of the thirty-five images at issue did not outweigh Zazzle's success on various issues throughout the litigation. *See generally Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003) (listing non-exhaustive factors that may be considered to determine whether attorneys' fees are warranted in copyright cases).

Young argues the district court abused its discretion as a matter of law because, in evaluating the "degree of success" factor, the district court should have looked only at whether Young established Zazzle's *liability* without reference to the *extent of the damages* that were awarded. We rejected Young's nearly identical argument in the first appeal, *Zazzle*, 785 F. App'x at 419 (affirming denial of attorneys' fees in part because "Young's ultimate recovery was only about 16% of the damages sought at trial"), and do so again. There is no authority supporting Young's view that the "degree of success" factor refers only to findings of liability.

4

**AFFIRMED.**