**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CECIL INGRAM and THE FAIR
HOUSING COUNCIL OF THE SAN
FERNANDO VALLEY, a California
Non-Profit Corporation,
            *Plaintiffs-Appellants,*

            v.

ARMINE OROUDJIAN, an individual
and ANTONY ABELYAN,
an individual,
            *Defendants-Appellees.*

No. 09-57022

D.C. No.
2:08-cv-03917-
GAF (VBK)

OPINION

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted June 7, 2011*
Pasadena, California

Filed July 27, 2011

Before: D. W. Nelson and Sandra S. Ikuta, Circuit Judges,
and Lawrence L. Piersol, Senior District Judge.**

Per Curiam Opinion

---

*The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Lawrence L. Piersol, Senior District Judge for the District of South Dakota, sitting by designation.

## COUNSEL

Odion L. Okojie, Law Offices of Odion L. Okojie, Los Angeles, California; Jerome Zamos, Law Offices of Jerome Zamos, Woodland Hills, California, for the plaintiffs-appellants.

Joseph C. Owens, William John Rea, Jr., Robert Anderson Wooten, Jr., Lewis Brisbois Bisgaard & Smith, LLP, Los Angeles, California; Gary Alan Starre, Starr & Cohn, Encino, California, for the defendants-appellees.

# OPINION

PER CURIAM:

Cecil Ingram and The Fair Housing Council of the San Fernando Valley ("Appellants") appeal the district court's order awarding them attorney fees following settlement of their claims against Armine Oroudjian and Antony Abelyan ("Appellees") brought under the Fair Housing Act, 42 U.S.C. §§ 3601-3619, and California law.

Ingram, disabled and confined to a wheelchair, lives in an apartment owned by Oroudjian and managed by Abelyan. In May of 2008, Ingram's bank did not honor his rent check and the landlord initiated an unlawful detainer action against Ingram in state court. While the state action was pending, Appellants filed this federal lawsuit alleging, among other things, discrimination in violation of the Fair Housing Act and violation of the California Fair Employment and Housing Act. Ingram eventually prevailed in the unlawful detainer action and maintained possession of his apartment.

After learning Ingram succeeded in the unlawful detainer action, the district court strongly encouraged the parties to settle this case. Instead, according to the district court, counsel for Appellants took unreasonable settlement positions and prolonged the litigation, forcing Appellees to pursue litigation alternatives, including a motion for summary judgment. With an opening demand of $425,000, the case later settled for payments of $30,000 to Ingram and $2,000 to the Fair Housing Council, an offer which had been rejected by Appellants one month before settling for that amount. Following settlement, Appellants moved for an award of attorney fees in the amount of $88,857.50. The district court awarded $30,485.00. Appellants argue the district court erred by deducting some of the hours billed and lowering the hourly rates requested by Appellants.

We review the district court's decision awarding attorney fees for an abuse of discretion. *See Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1121 (9th Cir. 2010).

Appellants raise four arguments in support of their claim that the district court abused its discretion: 1) the district court improperly considered settlement proceedings; 2) the district court should have awarded fees for responding to the summary judgment motion; 3) the district court erred by disallowing fees for briefing the abstention doctrine under *Younger v. Harris*, 401 U.S. 37 (1971); and 4) the hourly rate set by the district court is too low.

**[1]** First, Appellants allege that the district court should not have considered settlement discussions. This Court has not addressed the issue, but other circuits have held that settlement negotiations may be considered by the district court as a factor in determining a fee award. *See*, *e.g.*, *Lohman v. Duryea Borough*, 574 F.3d 163, 167 (3d Cir. 2009); *Parke v. First Reliance Standard Life Ins. Co.*, 368 F.3d 999, 1012 (8th Cir. 2004); *Moriarty v. Svec*, 233 F.3d 955, 967 (7th Cir. 2000). In *Lohman*, the defendants made three settlement offers after the trial began, including one for $75,000. *See Lohman*, 574 F.3d at 165. The plaintiff rejected the offers and was awarded $12,205 by the jury. *See id.* When considering the plaintiff's motion for attorney fees, the district court reduced the lodestar from $62,986.75 to $30,000 based on the plaintiff's limited success. *See id.* at 166. The court noted that the plaintiff would "have achieved a much greater level of success if [he] had settled the case." *Id.* On appeal, the plaintiff argued that the district court erred by using evidence from settlement negotiations to reduce the award. *See id.* at 167. The Third Circuit affirmed, holding it is permissible for a district court to consider settlement negotiations in measuring the litigant's success for purposes of awarding attorney fees, *see id.* at 167-168, and rejection of a settlement offer that was six times the jury award was probative of the plaintiff's lack of

success, *see id.* at 169. We agree with the reasoning of the Third Circuit and therefore hold that the district court did not err by considering settlement negotiations for the purpose of deciding a reasonable attorney fee award in this case.

**[2]** Second, Appellants argue that the district court erred by disallowing attorney fees for 40 hours Appellants' lawyers spent opposing Appellees' motion for summary judgment. The district court reasoned that Appellants should have aggressively pursued settlement at the early stages of the case and that counsel for Appellants unduly extended the duration of the litigation. Because the district court is more familiar with the course of the litigation before it, including Appellants' role in extending the litigation, we defer to the district court's decision not to award fees for responding to the motion for summary judgment. *See Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986), *amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987) ("The district court is in the best position to determine in the first instance the number of hours reasonably expended in furtherance of the successful aspects of a litigation and the amount which would reasonably compensate the attorney.").

**[3]** Third, Appellants assert that the district court should have awarded fees for briefing the *Younger* abstention doctrine. Appellants attempted to obtain a preliminary injunction to halt the pending state court unlawful detainer proceedings when it was clear to the district court that the *Younger* abstention doctrine prevented the district court from exercising jurisdiction. The district court then ordered Appellants to show cause why the federal action should not be dismissed because of the pending state action. Subsequently, the state court action ended and the abstention issue became moot. Despite that, Appellants submitted a response regarding the *Younger* abstention doctrine. The district court deducted the hours spent on the abstention issue from the attorney fee award, explaining that it was not reasonable for experienced counsel to spend so much time researching the law on *Younger*

abstention. The district court is in the best position to discern what work was unnecessary, and we are satisfied that the district court did not abuse its discretion in deducting the hours spent on the preliminary injunction and the *Younger* abstention doctrine.

Fourth, Appellants argue that the district court erred in determining a reasonable hourly rate of $350 for their lawyers. We have held that "[i]n determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Id.* at 1210-11. The district court noted that Appellants failed to submit affidavits from local attorneys or from a fee expert to show that the requested rates of $475 for Mr. Zamos and $375 for Mr. Okojie match the prevailing market rates. Appellees submitted a declaration supporting a market rate of $350 to $400 for lawyers with experience similar to Appellants' lawyers, and the district court said its own familiarity with the Los Angeles legal market supported an hourly fee of $325 to $375 per hour.

**[4]** This court has never addressed whether it is proper for a district court to rely on its own familiarity with the legal market. Other circuit courts have held that judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees. *See, e.g.*, *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (courts are experts as to the reasonableness of attorney fees and award may be based on court's own experience); *In re U.S. Golf Corp.*, 639 F.2d 1197, 1207 (5th Cir. 1981) (same). We agree. We conclude that the district court did not abuse its discretion either by relying, in part, on its own knowledge and experience, or by setting an hourly rate of $350 for Appellants' lawyers.

**AFFIRMED.**