**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOUGLAS S. YIP, | No. 11-56008 |
| Plaintiff - Appellant, | D.C. No. 09-cv-05683-RGK-JEM |
| v. | |
| ROBERT W. LITTLE, as Administrator of the Robert W. Little Insurance Agency, Inc. Retirement Plan Three, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted February 13, 2013
Pasadena, California

Before: BERZON and WATFORD, Circuit Judges, and CARR, Senior District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James G. Carr, Senior District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

-1-

Douglas Yip ("Yip") appeals his attorney's fee award. According to Yip, the district court abused its discretion when it: 1) reduced his requested hourly rate from $350 to $275; 2) reduced his billed hours from 89.8 to 45; and 3) failed to award $826.76 in case-related expenses.

We agree that the district court abused its discretion in all three respects, because it failed to explain sufficiently its reasoning.

1. With regard to the appropriate hourly rate for the award of reasonable attorney's fees under 29 U.S.C. § 1132(g), the relevant metric is the market rate charged by similarly competent attorneys for representation of comparable complexity. *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007). The attorney requesting fees bears the burden of demonstrating the reasonable market rate. *Id.* at 947. An attorney may satisfy this burden by providing: 1) rate determinations in other cases; or 2) affidavits of other attorneys stating prevailing fees in the legal community. *Id.* (citation omitted). Absent objection, this evidence should be presumed to provide the reasonable market rate. *Id.*

A district court may award fees at a lower rate only if it determines an attorney "performed below the level of expertise" used to establish the rate, *id.* at 948, or relies on other evidence, including its own familiarity with the legal

market, *see Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011), that undermines the reasonableness of the rate requested.

A district court cannot merely list factors. It must apply the factors to the facts of the case at issue and, crucially, "articulate with sufficient clarity the manner in which it makes its determination of a reasonable hourly rate and the number of hours which should reasonably be compensated." *See Chalmers v. City of L.A.*, 796 F.2d 1205, 1211 (9th Cir. 1986). Asserting, without more, that legal issues are "straightforward" or "noncomplex" is insufficient to justify a reduction in the market rate. *Id.*

Yip presented evidence that the prevailing market rate was $550 per hour. *See* Minute Order Granting Plaintiff's Motion for Fees and Costs, *Whalen v. Standard Ins. Co.*, No. 08cv0878, (C.D. Cal. Feb. 4, 2010) ECF No. 68 (awarding $550 per hour to similarly qualified Kantor & Kantor attorneys in the Los Angeles area). The district court did not dispute: 1) the applicable market rate; or 2) counsel's experience and expertise. Moreover, the district court failed to discuss: 1) the unusually protracted litigation; and 2) the numerous technical issues raised by the belated disclosure of a plan amendment. The district court also failed to mention that counsel was already charging a fee $100 – $150 below market rate.

And although the district court stated it was basing its decision on the

simplicity of the case, it failed to state how the numerous issues for which Yip requested declaratory relief could fairly be categorized as such.

In short, a reduction in the hourly rate–especially one of this extent–requires substantially more justification.

2. With respect to the number of hours billed, the district court abused its discretion in reducing by nearly 50% Yip's claimed hours.

"The district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Welch*, 480 F.3d at 946. However, a district court cannot impose an across- the- board percentage reduction or, without explanation, reduce hours based on a cursory examination of the record. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

"[T]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation." *Id*. at 1112. If a district court seeks to reduce an attorney's claimed hours by a greater amount, it must "explain the necessity or degree of the cut." *Id*. (stating that 50% reduction in requested hours was draconian and could not be upheld based upon opaque explanation that fees were "excessive"). Before doing anything other than the trimming of a "haircut," a court must, at the very least, point to specific tasks and/or time expended and explain why the tasks were

unnecessary or the expended time excessive.

In this case, the district court failed to identify any specific billing issues. The court's cursory explanation that the "nature and complexity" of the case warranted the reduction was insufficient given the magnitude of its cut.

3. Lastly, the district court abused its discretion in denying case-related expenses not otherwise recoverable as costs under 28 U.S.C. § 1920 without offering any explanation.

Costs are a category of expenses distinct from attorney's fees under 29 U.S.C. § 1132(g)(1). *See also Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F. 3d 1253, 1258 (9th Cir. 2006). However, if it is "the prevailing practice in the local [legal] community" to separately bill reasonable litigation expenses to the client, lawyers may recover those expenses as "attorney's fees." *Id.* at 1259.

Yip provided evidence that it is the common practice in the relevant legal community to bill separately for copying, faxing, transcripts, and parking costs. As these case-related expenses appear reasonable, the district court abused its discretion in denying their recovery as "attorney's fees" without explanation.

**VACATED** and **REMANDED** for redetermination of reasonable attorney's fees and costs. Absent explanation sufficient to overcome the presumed

reasonableness of Yip's request, the district court should: 1) award fees for the

89.8 hours at the hourly rate requested, and 2) award $826.76 in case-related

expenses. An appropriate request for fees on appeal will be entertained and

referred to the Appellate Commissioner for determination of the appropriate fee

amount.