
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FAMILY PAC, | No. 12-35640 |
| Plaintiff - Appellee, | D.C. No. 3:09-cv-05662-RBL |
| v. | |
| ROBERT FERGUSON, in his official capacity as Attorney General of Washington; AMIT RANADE, member of the Public Disclosure Commission, in his official capacity; GRANT DEGGINGER, member of the Public Disclosure Commission, in his official capacity; KATHY TURNER, member of the Public Disclosure Commission, in her official capacity; JENNIFER JOLY, member of the Public Disclosure Commission, in her official capacity; BARRY SEHLIN, member of the Public Disclosure Commission, in his official capacity, | MEMORANDUM* |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted February 6, 2014
Seattle, Washington

Before: FISHER, GOULD and CHRISTEN, Circuit Judges.

The state appeals the district court's order awarding attorney's fees and costs to Family PAC under 42 U.S.C. § 1988. We have jurisdiction under 28 U.S.C. § 1291. For the reasons stated here and in a concurrently filed opinion, we affirm in part and reverse in part.

1. The district court did not abuse its discretion by concluding that special circumstances would not render an award of attorney's fees unjust. First, we reject the state's contention that the district court's fee order was premised on legal error. There is nothing in the record to suggest that the district court either interpreted state disclosure laws or applied them to Family PAC's conduct. Second, the district court reasonably concluded that Family PAC's alleged violation of the disclosure laws was not a persuasive equitable reason to deny fees, in part because the alleged violations did not prejudice the state in this lawsuit. That determination was well within the district court's discretion. *See Mendez v. Cnty. of San Bernardino*, 540 F.3d 1109, 1126 (9th Cir. 2008).

2. The district court properly considered Family PAC's overall success. Family PAC prevailed on one of its two claims. Family PAC then excluded from

its fee request hours devoted exclusively to the unrelated, unsuccessful claim, as it was required to do, by calculating the percentage of space in its pleadings devoted to that claim. The district court found that this was a reasonable method for identifying hours devoted to the unsuccessful claim and adopted Family PAC's methodology. Although the state challenges that methodology on appeal, it is consistent with Ninth Circuit case law. *See Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 905 (9th Cir. 1995).

3. The district court did not abuse its discretion by accepting Family PAC's hourly rates. In determining prevailing market rates, the court properly relied on a declaration from an attorney in the relevant market and its own knowledge of the legal market. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (per curiam).

4. The district court did not abuse its discretion by awarding fees based on insufficient records or duplicative charges. The court properly awarded fees for work performed by a lawyer awaiting bar results. *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 286 (1989). The court also properly scrutinized Family PAC's fee request rather than accepting it uncritically. *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984), is readily distinguishable because the

3

record shows that Family PAC exercised billing judgment to reduce its fee request and that the district court examined the request carefully, reducing it further.

5. The district court did not abuse its discretion by awarding attorney's fees to lawyers who performed administrative work. *See Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992), *opinion vacated in part on other grounds on denial of reh'g*, 984 F.2d 345 (9th Cir. 1993). The court reviewed the billing entries and reduced the fee request by disallowing fees for clearly administrative tasks.

6. The district court erred, however, by awarding fees associated with the previous Ninth Circuit oral argument. In accordance with his law firm's policy, Family PAC's counsel billed a flat 10 hours for each of three days, including the day before argument, the day of argument and the day after argument. This flat billing is troubling in a least two respects. First, it would seem to allow for recovery of 10 hours of work even on days in which lawyers actually worked or traveled fewer than 10 hours. Second, it is lacking in specificity as to what tasks were performed (or travel occurred) during what periods of time. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (disapproving of block billing). We have found no evidence in the record to suggest that billing a flat 10 hours a day, regardless of the amount of work performed, is consistent with law

4

firm practice in the relevant legal market. Accordingly, Family PAC's fee award is reduced by $13,500. *See id.* ("The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked.").

For the reasons stated here and in the contemporaneously filed opinion, the order of the district court awarding attorney's fees and costs to Family PAC is affirmed in part and reversed in part. Costs of the current appeal are awarded to Family PAC.

**AFFIRMED IN PART; REVERSED IN PART.**