BWP MEDIA USA INC., d/b/a Pacific Coast News, Plaintiff,

v.

**RICH KIDS CLOTHING COMPANY, LLC, Defendant.**

**Case No. C13–1975–MAT.**

United States District Court, W.D. Washington, at Seattle.

Signed May 1, 2015.

Craig B. Sanders, Glenn D. Miller, Sanders Law, PLLC, Garden City, NY, for Plaintiff.

John E. Whitaker, Whitaker Law Group, Seattle, WA, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES

MARY ALICE THEILER, United States Magistrate Judge.

### INTRODUCTION

Plaintiff BWP Media USA, Inc., d/b/a Pacific Coast News ("BWP") filed this copyright infringement suit against defen-

dant Rich Kids Clothing Company, LLC ("RKCC"). The Court entered judgment in favor of RKCC and denied BWP's motion for reconsideration. (Dkts. 30, 31, 59.) Now before the Court is RKCC's Motion for Attorney's Fees. (Dkt. 32.) For the reasons discussed below, RKCC's motion is GRANTED.

## BACKGROUND

BWP, the owner of many photographs featuring celebrities, alleged RKCC, a clothing company, unlawfully copied and/or displayed three of BWP's photographs on RKCC's website, and thereby infringed on BWP's copyrights in violation of 17 U.S.C. § 101 et seq. As previously described by the Court (*see* Dkts. 30 and 59), counsel for RKCC sought evidence of the alleged copyright infringement from counsel for BWP during discovery, clarifying he had never received any documents other than the "webpage captures" attached to BWP's complaint. The webpage captures are minuscule representations of RKCC's website and fail to reveal any discernible images. With no other evidence provided, RKCC's counsel sought and obtained confirmation from BWP's counsel that BWP would not rely on any documents other than the webpage captures in pursuing its claim. However, in later seeking summary judgment, BWP relied on a full-size "screen grab" of RKCC's website that appeared to include three of BWP's copyrighted images.

In dismissing this case, the Court concluded BWP failed to comply with its disclosure and discovery obligations, precluded BWP from relying on the full-size screen grab by imposing Rule 37 sanctions, and, because no images could be seen on the webpage captures, found an absence of evidence to support BWP's case. (Dkt. 30.) The Court subsequently rejected BWP's contention that evidence of emails sent to RKCC prior to its retention of counsel and containing screen grab attachments constituted "newly discovered evidence" warranting relief from the judgment. (Dkt. 59.) The Court found that, in fact, that evidence provided additional support for the conclusion that BWP failed to comply with its pretrial disclosure and discovery obligations to provide the evidence of alleged copyright infringement to counsel for RKCC.

## DISCUSSION

■ The Copyright Act authorizes district courts to award "a reasonable attorney's fee to the prevailing party" in a copyright action. 17 U.S.C. § 505. Both prevailing plaintiffs and prevailing defendants may be awarded attorney's fees, and the decision whether to award fees lies in the Court's discretion. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

■ This is no single rule or formula employed in making the attorney's fee determination. *Id.* A court, instead, must exercise "equitable discretion" with consideration of a non-exclusive list of factors, "so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner." *Id.* at 534 & n. 19, 114 S.Ct. 1023. The factors considered may include "(1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence." *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 614–15 (9th Cir.2010) (cited cases

omitted).[1] The Court here finds that a balancing of relevant factors warrants an award of attorney's fees to RKCC as the prevailing party.

### A. *Degree of Success Obtained*

■ RKCC successfully defended itself against BWP's copyright claims. However, RKCC overstates its argument in contending its defense resulted in a complete success on the merits. (*See* Dkt. 32 at 3.) In order to prevail on a copyright claim, a copyright owner must show "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991) (cited case omitted); *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir.2013). In this case, given the imposition of Rule 37 sanctions, the Court never made a side-by-side comparison between BWP's copyrighted images and the allegedly infringing content on RKCC's website as depicted on any document or digital file containing viewable images. Therefore, while RKCC's ultimate success in this matter does favor an award of attorney's fees, the weight afforded this factor is tempered with consideration of the fact that that success resulted from discovery-related violations, rather than a determination on the merits of the underlying claims. *See Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 556, 560 (9th Cir.1996) (upholding award of attorney's fees which considered, *inter alia*, that the prevailing party "prevailed on the merits rather than on a technical defense, such as the statute of limitations, laches, or the copyright registration requirements.")

### B. *Frivolousness and Objective Unreasonableness*

RKCC avers that BWP's claims were unreasonable at a minimum and "perhaps even frivolous." (Dkt. 32 at 2–5.) RKCC points to its prior identification of "apparent inconsistencies" between the screengrab belatedly provided by BWP and RKCC's own evidence of its webpage content as "drastically" undermining the reliability of BWP's inadmissible evidence. (*Id.* (citing Dkt. 23 at 3–5).) Again, however, the Court has not had occasion to address the merits of BWP's copyright infringement claims. Nor does RKCC here demonstrate that BWP's claims were frivolous or objectively unreasonable. These factors do not, therefore, argue in favor or against an award of attorney's fees. *See generally Fantasy*, 94 F.3d at 557–60 ("a finding of bad faith, frivolous or vexatious conduct" is not required in order to find the prevailing party entitled to attorney's fees) (relying on *Fogerty*, 510 U.S. 517, 114 S.Ct. 1023).

### C. *Motivation and Conduct*

RKCC avers BWP's improper motivation in filing this suit and asks the Court to take judicial notice of the nearly 200 essentially identical copyright infringement claims filed against various defendants by BWP (*see* Dkt. 32 at 5 & n. 2 (citing http://dockets.justia.com)), as well as the fact that BWP filed this lawsuit before contacting RKCC about the alleged infringement. RKCC maintains that BWP

---

1. There is no single set of factors considered by courts in this circuit. *See, e.g., Wall Data Inc. v. Los Angeles Cnty. Sheriff's Dep't*, 447 F.3d 769, 787 (9th Cir.2006); *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 883 (9th Cir.2005); *Ets–Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir.2003).

employs a business model of using the threat of attorney's fees to extract exorbitant settlement amounts, noting BWP's initial settlement demand for $30,000.00 vastly exceeded the $1,000.00 in statutory damages BWP requested in its motion for summary judgment, and threatened the risk of significant attorney's fees if that demand was not met. (*See* Dkts. 32–33; Dkt. 33, Ex. A ("Plaintiff will accept the sum of $30,000.00 to settle this matter. In the event that settlement is not reached, I except [sic] all open responses from Plaintiff's first set of discovery demands to be provided today. If they are not so received, we will be constrained to filing a motion for discovery related relief under RFCP 37. Further, responses to Plaintiff's second demand for production and notice to admit will be due next week, and depositions will take place the following week."); and Dkt. 17 at 23.)

■ BWP does not deny it filed this lawsuit prior to contacting RKCC regarding the alleged copyright infringement. (*See* Dkt. 48.)[2] BWP also wrongly construes RKCC's citation to settlement communications as a violation of Federal Rule of Evidence 408. The Court may, as RKCC observes, consider settlement negotiations for the purpose of deciding a reasonable attorney's fee award. *Ingram v. Oroudjian,* 647 F.3d 925, 927 (9th Cir. 2011). *Cf.* Fed.R.Evid. 408 (settlement communications not admissible "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction"). BWP otherwise denies any improper moti-

vation, stating that the numbers of suits it has filed is irrelevant and, in any event, of necessity to protect its rights in its images and avoid being subject to equitable estoppel defenses. (Dkt. 48 at 10 (cited cases omitted).)

■ There is no direct evidence of improper motivation in the filing of this lawsuit. However, a determination of improper motive or bad faith can be based "not only in the actions that led to the lawsuit, but also in the conduct of the litigation." *Hall v. Cole,* 412 U.S. 1, 15, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973). *See also Harris Custom Builders v. Hoffmeyer,* 140 F.3d 728, 731 (7th Cir.1998) (court can consider party's sanctionable conduct in determining both the amount of fee award and "in deciding whether fees should be awarded at all."); 5 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 14.10[D][1] (Matthew Bender, Rev. Ed.) (noting attorney's fees have been awarded where a party conducted the litigation in a manner calculated to delay a hearing on the merits and to increase the opposing party's costs).

Here, as previously discussed in detail (*see* Dkts. 30 and 59), counsel for BWP failed to provide counsel for RKCC with any viewable evidence of alleged copyright infringement. BWP did not provide that evidence when requested by RKCC during discovery and ignored RKCC's repeated assertions throughout the discovery process that it had seen no such evidence. BWP waited until the deadline for the filing of dispositive motions to provide

---

**2.** This lawsuit was filed on October 31, 2013 (Dkt. 1) and there is no evidence in the record reflecting any contact between RKCC and BWP prior to that filing. (*See* Dkts. 53–54 (attesting to a phone call with Gavin Smith, a co-founder and officer of RKCC, on Decem-

ber 10, 2013, followed by emails sent on December 11, 2013); *accord* Dkts. 41–42 and Dkt. 51 at 1 (Smith describes his first interaction with counsel for RKCC as occurring after the initiation of the lawsuit.))

RKCC with viewable evidentiary support for the copyright infringement claim (*see* Dkts. 14 and 17) and, in so doing, acted contrary to the confirmation it had provided to RKCC that it would not rely on any evidence other than the webpage captures attached to the complaint in pursuing its claims.

Moreover, despite more than one opportunity to do so, counsel for BWP has never provided any reasonable explanation to this Court for its failure to provide the evidence of alleged copyright infringement to counsel for RKCC. On one occasion, BWP maintained it had been, up until the day on which dispositive motions were due, "technologically unable" to provide a full-size printout of the screen grab evidence. (Dkt. 28.) Later, after the Court entered judgment, BWP discovered it had been able to send a viewable image of the webpage captures to RKCC in the form of an email attachment, albeit prior to RKCC's retention of counsel and with no explanation as to how to view the images provided. (*See* Dkt. 59 at 7–9.) BWP, in other words, could have provided viewable images of alleged copyright infringement to counsel for RKCC at the outset, and, instead, chose to obstruct and unnecessarily delay the course of this litigation through the entry of judgment and beyond.

RKCC's arguments and the above-described conduct detracts from BWP's contention it was motivated by the intent to protect its exclusive right to its creative work in the filing of this lawsuit, and supports an inference of improper motivation. The Court, therefore, finds the factors of motivation and conduct to favor an award of attorney's fees to RKCC.

### D. *Compensation and Deterrence*

Again, BWP failed to comply with its pretrial disclosure and discovery obli-gations, allowed counsel for RKCC to believe it would rely on the webpage captures as depicted in the attachment to the complaint to prove its claim, and proceeded to provide evidence of alleged copyright infringement in a different, viewable format on the deadline for the filing of dispositive motions. Compensation for fees incurred in defending against BWP's obstructive and dilatory conduct serves as a compelling factor in favor of RKCC's motion. *See also* Fed.R.Civ.P. 37(c)(1)(A) (court may order the payment of reasonable expenses, including attorney's fees, caused by a party's failure to comply with discovery obligations). An award of fees in this case will further serve to deter BWP from engaging in similar litigation tactics in the future.

### E. *Balancing the Factors*

██ This Court may exercise its discretion to award attorney's fees to the prevailing party through the balancing of the above or other relevant factors, so long as that balancing remains faithful to the purposes of the Copyright Act. *Fogerty*, 510 U.S. at 534 & n. 19, 114 S.Ct. 1023. "The primary objective of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public." *Id.* at 524, 114 S.Ct. 1023. "[A] successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." *Id.* at 527, 114 S.Ct. 1023.

Although the Court did not consider the merits of the underlying action, its inability to reach the merits resulted from the conduct of BWP, and that same conduct supports an inference of improper motiva-

tion in the filing and pursuit of BWP's claims. An award of attorney's fees will serve to compensate a successful copyright defense and deter future improper conduct. The Court, as such, finds the balancing of the relevant factors to warrant an award of reasonable attorney's fees to RKCC, and to remain faithful to the purposes of the Copyright Act.

## F. Fee Award

 In calculating the reasonableness of attorney's fees, the Court employs the "lodestar" method, calculating "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 978 (9th Cir.2008). The Court looks to hourly rates " 'prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.' " *Ingram,* 647 F.3d at 928 (quoted case omitted). The "relevant legal community" is generally the forum in which the district court sits. *Gates v. Deukmejian,* 987 F.2d 1392, 1405 (9th Cir.1993). When determining the reasonableness of the hours expended, a court should not consider hours that are "excessive, redundant, or otherwise unnecessary[.]" *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933.

 " 'Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it.' " *Camacho,* 523 F.3d at 978 (quoted source omitted). In *Kerr v.*

*Screen Guild Extras, Inc.,* the Ninth Circuit adopted the consideration of twelve different factors bearing on reasonableness:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir.1975). Although several Kerr factors may be relevant to determine whether to adjust a fee award after the initial lodestar calculation, "[t]he Supreme Court has noted ... that the Kerr factors are largely subsumed within the initial calculation of reasonable hours expended at a reasonable hourly rate, rather than the subsequent determination of whether to adjust the fee upward or downward." *Chalmers v. Los Angeles,* 796 F.2d 1205, 1212 (9th Cir.1986) (citing *Hensley,* 461 U.S. at 434 n. 9, 103 S.Ct. 1933). *See also Jordan v. Multnomah Cnty.,* 815 F.2d 1258, 1264 n. 11 (9th Cir.1987) (district court need not address every *Kerr* factor).

 RKCC here seeks $24,290.00 in attorney's fees. (Dkt. 32.) [3] The fee request accounts for 69.4 hours expended litigating this case over the course of a

---

**3.** RKCC has not sought and the Court does not herein address any attorney's fees in-

curred following the filing of the motion under consideration.

thirteen-month period, at a rate of $350.00 an hour. (Dkt. 33, Ex. B.) John Whitaker, counsel for RKCC, provides documentation outlining the time spent on various litigation tasks, including, *inter alia,* discussions with his client and counsel for BWP, the preparation and filing of an answer, responding to discovery requests and engaging in discovery conferences, preparing and filing a motion for summary judgment, responding to BWP's motion for summary judgment and motion for sanctions, and preparing the motion for attorney's fees. (*Id.*) Whitaker, by declaration, attests to his approximately nineteen years of experience in intellectual property litigation and states that, while he typically charges $450.00 an hour for litigation similar to the instant matter, he agreed to a lower rate of $350.00 given the particular circumstances of his client. (Dkt. 33, ¶¶ 3–4, 7.) He also provides declarations from two attorneys of comparable skill, experience, and reputation practicing in this district and attesting to the reasonableness of the hourly rate charged. (Dkts. 34–35.) Finally, Whitaker provides a document reflecting national survey results for average intellectual property litigation costs, and revealing that costs for copyright infringement matters with amounts in controversy below one million dollars averaged $216,000.00 through the end of discovery. (Dkt. 33, ¶ 8 and Ex. C.)

BWP, in responding to RKCC's motion for attorney's fees, averred its belief that the amount of fees sought is unreasonable, while reserving the right to contest the reasonableness of the hours expended and hourly rate charged pending the Court's determination as to RKCC's entitlement to fees. (Dkt. 48 at 12.) Following the denial of BWP's request for reconsideration, the Court directed BWP to submit any argument on the reasonableness of the hours and hourly rate at issue in RKCC's motion. (Dkt. 60.) BWP did not provide any such argument.

The Court finds both the total number of hours expended and the hourly rate charged reasonable. Although the Court has considered the *Kerr* factors, the parties do not argue for or against any adjustment based upon them, and the Court's independent review does not support any such adjustment. Nor is a lengthy discussion of the *Kerr* factors warranted in view of the reasonableness of the attorney's fees requested. Indeed, the total amount of fees sought is considerably lower than fees awarded in some more recent copyright infringement cases wherein defendants achieved success on a motion for summary judgment. *See e.g., Omega S.A. v. Costco Wholesale Corp.,* 776 F.3d 692, 694–96 (9th Cir.2015) (upholding award of $396,844.17 in attorney's fees); *Inhale, Inc. v. Starbuzz Tobacco, Inc.,* 755 F.3d 1038, 1040–43 (9th Cir.2014) (upholding award of $111,993.00 in attorney's fees); *Lexar Homes, Inc. v. Port,* CV–12–416, 2013 WL 6498293 at *3, *8, 2013 U.S. Dist. LEXIS 173506 at *10, *25 (E.D.Wash. Dec. 11, 2013) (finding defendants entitled to $62,320.70 in attorney's fees and costs); *see also DuckHole, Inc v. NBCUniversal Media LLC,* CV–12–10077, 2013 WL 5797204, *2, *6, 2013 U.S. Dist. LEXIS 157304, *4, *18 (C.D.Cal. Oct. 25, 2013) (finding defendants entitled to a total award of $66,070.51 after success on motion to dismiss). The Court, as such, finds the total amount of attorney's fees requested reasonable.

## CONCLUSION

The Court finds RKCC entitled to the attorney's fees requested. Accordingly, RKCC's motion for attorney's fees (Dkt.

32) is GRANTED, and RKCC awarded attorney's fees in the amount of $24,290.00.