**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISAAC MILLER, | No. 14-15519 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-00137-LJO-SAB |
| v. | |
| STEVEN JOHN SCHMITZ, Hanford Police Officer and CITY OF HANFORD, California, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted April 15, 2016
San Francisco, California

Before: O'SCANNLAIN, CLIFTON, and N.R. SMITH, Circuit Judges.

Isaac Miller appeals the district court's award of attorneys' fees and

expenses. Miller filed a motion for attorneys' fees pursuant to 42 U.S.C. § 1988.

The district court granted his motion, but awarded significantly less than the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

amount Miller requested. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand.

1.     The district court did not abuse its discretion by reducing the hourly rate for one of Miller's attorneys from $175/hour to $125/hour based on the court's "own experience and knowledge of the market rate in Fresno."[1] The burden was on Miller's counsel "to produce satisfactory evidence . . . that the requested rate[] [was] in line with those prevailing in the community." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). He failed to do so. As a result, it was proper for the district court to "rely[] on [its] own knowledge of customary rates and [its] experience concerning reasonable and proper fees."[2] *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (per curiam). Accordingly, we affirm the district court's calculation of the applicable hourly rates.

---

[1]The district court also excluded all of the hours requested by another attorney and a legal secretary, concluding that all such hours were for clerical tasks. Miller did not contest this portion of the district court's decision in either his opening or reply brief. Accordingly, any such issues are waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

[2]The district court cited to a recent Eastern District of California case where a new attorney "at a well-reputed law firm" was awarded fees at a rate of $150/hour "on a complicated patent dispute." The district court contrasted the complexity of the instant case in reducing the attorney's hourly rate to $125/hour.

2.     We are unable to determine whether the district court abused its discretion, because it failed to provide a "concise but clear explanation of its reasons" for reducing the number of hours by 60 percent.  *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1400 (9th Cir. 1992)).  The district court first justified the 60 percent reduction by conducting "a nationwide survey of attorney's fees claimed and awarded by federal courts in § 1983 cases."  However, the district court did not explain its methodology or the relevance of the cases cited in the nationwide survey.  Further, although perhaps not required to do so, the district court did not include its survey in the record or provide the parties with an opportunity to comment on the cases.

The district court next concluded that certain billing entries were excessive.  However, the district court did not "indicate that [its 60 percent reduction] was in any way proportional to the number of entries that suffered from this defect" or to the four billing entries that the court concluded were excessive.  *Gonzalez*, 729 F.3d at 1204.

Lastly, the district court reasoned that the case "did not involve novel, complex, or particularly difficult legal issues."  Even if true, the district court did not connect the level of complexity of the legal issues to the 60 percent reduction.  *See Barnard v. Theobald*, 721 F.3d 1069, 1077 (9th Cir. 2013) (remanding for

further explanation of a percentage reduction justified in part by the case's lack of complexity). The district court's justifications explain why some reduction may be necessary, but they do not explain why the district court decided specifically on a 60 percent reduction. *See Gonzalez*, 729 F.3d at 1203 ("[T]he district court must explain why it chose to cut the number of hours . . . by the specific percentage it did.").

We also note other deficiencies in the district court's explanation that prevent us from conducting "meaningful appellate review." *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1114 (9th Cir. 2008). First, Defendants opposed Miller's motion for attorneys' fees and asked the district court to reduce the award by $67,383. We have previously encouraged this practice, reasoning that "the burden of producing a sufficiently cogent explanation [for reducing a fee award] can mostly be placed on the shoulders of the losing parties." *Id.* at 1116. However, the district court reduced the award by over $250,000, instead of the $67,383 requested by Defendants, and provided no explanation for the discrepancy. Although district courts are not required to explain the difference between the reduction requested by the defense and the reduction awarded by the court in every instance, the considerable discrepancy in this case highlights the district court's failure to provide a sufficient explanation for its decision.

-4-

Second, the district court concluded that opposing counsel's billing records had "limited relevance to determining the reasonableness of [Miller's] counsel's hours." Although the district court has discretion not to rely on opposing counsel's billing records, *Gonzalez*, 729 F.3d at 1202, its rationale for concluding such records had limited relevance here is not persuasive. First, we question the district court's decision to rely heavily on the billable hours approved for plaintiffs in other, unrelated cases, but disregard the billable hours of defense counsel in this case. Further, the district court appears to have speculated as to how plaintiff's counsel should have staffed the case. The district court compared the amounts billed by each lead attorney (rather than the total hours for each side) and noted that the hours billed by opposing counsel were "split fairly evenly between one experienced senior attorney and one junior attorney." We have previously rejected this rationale, reasoning that "the district court may not set the fee based on speculation as to how other firms would have staffed the case." *Moreno*, 534 F.3d at 1114. "Modeling law firm economics drifts far afield of the *Hensley* calculus and the statutory goal of sufficiently compensating counsel in order to attract qualified attorneys to do civil rights work." *Id.* at 1115.

Finally, the district court appears to have ignored Miller's request for fee supplementation.[3] Miller requested supplemental billings of more than $19,000 for ongoing work. Again, the district court has not explained why it rejected Miller's request. *Cf. Gonzalez*, 729 F.3d at 1205 n.6 ("When the district court re-determines the amount of the fee award on remand, it should also explain why it computed the lodestar figure . . . based on 411.54 billable hours, a figure which Plaintiffs had corrected to 636.7 hours in a later court filing.").

Accordingly, we vacate the district court's fee award and remand for further proceedings. The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

---

[3]The district court also rejected Miller's request for interim fees without explanation. However, the parties indicated at oral argument that interim fees were no longer at issue because Miller has been paid the amount of undisputed interim fees.