NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| A. A., a minor, by and through her guardian ad litem, and all others similarly situated, Plaintiff-Appellant, v. COUNTY OF RIVERSIDE, a public entity; et al., Defendants-Appellees. | No.   20-55960 D.C. No. 5:14-cv-02556-VAP-SP MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Submitted March 8, 2022[**]
Pasadena, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and ROSENTHAL,[***]
District Judge.

After filing this 42 U.S.C. § 1983 putative class action, named plaintiff A.A.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

settled her individual claims and sought an award of attorney's fees pursuant to 42 U.S.C. § 1988. The district court determined that A.A. was the prevailing party and awarded her $186,330 in attorney's fees and $38,148.70 in costs. A.A. appeals that award, contending that the district court abused its discretion in calculating the "lodestar" amount by erroneously reducing her attorneys' hourly rates, hours expended and the amount of costs. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

     1.    The district court did not abuse its discretion in setting the hourly rates for each of A.A.'s attorneys. First, A.A. argues that the district court incorrectly required her to submit the declaration of a fee expert to support her attorneys' proposed hourly rates. However, the court did not require A.A. to submit the affidavit of a fee expert. Rather, it held that A.A. failed to meet her burden of demonstrating the reasonableness of the proposed hourly rates because the particular declarations A.A. submitted were not "credible," (a factual conclusion that A.A. does not challenge). The district court then offered the declaration of a fee expert as an *example* of the type of evidence that might have helped A.A. meet her burden.

     Second, A.A. argues that the district court erred in rejecting the proposed rates because Defendants did not provide any countervailing evidence to refute them. However, the district court could reject A.A.'s proposed rates simply

because A.A. did not satisfy her initial burden to establish that they were reasonable. *See United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir. 2015).

Finally, A.A. argues that the district court erred by relying exclusively on "its own knowledge" of the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience and reputation" to set the hourly rates for her eight attorneys. However, it is settled that "judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

2. The district court did not abuse its discretion in calculating the number of hours each of A.A.'s attorneys reasonably expended on her case. First, A.A. argues that the district court erred by treating her unsuccessful motion for class certification as an unrelated claim, and declining to give her credit for the time her attorneys spent working on that motion. Once again, however, this is not what the district court ruled. Rather, it explicitly held in both its first and second orders that A.A.'s class claims, and thus her motion for class certification were "related," and proceeded to evaluate the degree of A.A.'s success on those claims.

Second, A.A. argues that the Court erroneously determined that she enjoyed only "limited" success under *Hensley v. Eckerhart*, 461 U.S. 424 (1983).

However, the district court properly gave her credit for only $49,999 in damages without regard to the amount of attorney's fees to which she was entitled. Moreover, the district court correctly concluded that even if the voluntary changes the County made to its program could be considered a public benefit, A.A. did not point to any evidence supporting a link between her lawsuit and the voluntary changes the County made.

Third, A.A. argues that the district court erred by cutting the number of hours A.A. proposed for each attorney in an "across-the-board and non-differentiated manner." The thrust of that argument is that although the district court stated it reviewed every billing entry, cut hours that were not reasonably expended, and summed up the total remaining for each attorney, in actuality, it just instituted a percentage cut. That argument is belied by the district court's order, which reflects that it credited each attorney for his or her hours in an individualized manner.

Fourth, A.A. argues that even if the district court *did* review all the billing records and cut individual time entries, it did not provide a sufficiently clear explanation as to which entries it was cutting and why. However, a district court is not required to "set forth an hour-by-hour analysis of the fee request," or make specific findings with respect to each entry. *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992); *see also Fox v. Vice*, 563 U.S. 826, 838 (2011). Instead, a

4

district court simply must "provide a concise but clear explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437. In practice, that means the district court must: (1) indicate "what number of hours" are being compensated at "what hourly rate," *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1213 (9th Cir. 1986), (2) provide "some indication of how it arrived at its figures and the amount of the award," *id.* at 1211, and (3) show that it has considered "the relationship between the amount of the fee awarded and the results obtained," *Hensley*, 461 U.S. at 437. That is exactly what the district court did here.

Finally, A.A. argues that the district court erred by failing to specifically address whether it was crediting A.A. for the entries describing hours spent prosecuting her fee motion. However, the district court stated that it reviewed all of A.A.'s billing records, which included the hours spent on her fee motion, and A.A. points to no evidence suggesting that it treated those hours any differently than it treated the rest of the hours she submitted, or that it did not give her credit for any of them. *See McGrath v. County of Nevada*, 67 F.3d 248, 253 (9th Cir. 1995).

3. The district court did not abuse its discretion by awarding A.A. $38,148.70 in costs even though she requested $42,584.04, a reduction of approximately 10 percent. A.A. contends that the district court failed to give an adequate explanation for what costs it was cutting. However, a district court may

"impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Here, the district court's explanation that it "reviewed the detailed cost breakdown and eliminated or reduced excessive or unnecessary charges, such as courier charges for courtesy copies . . . and unspecified 'late charges,'" was more than sufficient to justify the 10 percent cut it imposed.

None of A.A.'s other arguments has merit.

**AFFIRMED.**