NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| E. R. K., by his legal guardian R.K.; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> STATE OF HAWAII DEPARTMENT OF EDUCATION, <br><br> Defendant-Appellant. | No. 22-16023 <br><br> D.C. No. <br> 1:10-cv-00436-SOM-RT <br><br> MEMORANDUM[*] |
| E. R. K., by his legal guardian R.K.; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> STATE OF HAWAII DEPARTMENT OF EDUCATION, <br><br> Defendant-Appellee. | No. 22-16126 <br><br> D.C. No. <br> 1:10-cv-00436-SOM-RT |

Appeal from the United States District Court
for the District of Hawaii
Rom Alex Trader, Magistrate Judge, Presiding

Submitted June 9, 2023[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision

Honolulu, Hawaii

Before: BADE, BUMATAY, and SANCHEZ, Circuit Judges.

Defendant-Appellant, the State of Hawaii Department of Education ("HIDOE"), appeals the award of attorneys' fees under a class action settlement. HIDOE argues that the district court erred when interpreting the settlement agreement's attorneys' fees provision and abused its discretion when calculating the lodestar to award $430,608.50 to Plaintiffs-Appellees (here, "Class Counsel"). On cross-appeal, Class Counsel argues that the district court abused its discretion when reducing certain hourly rates. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and remand in part.

This Court interprets the language of a settlement agreement *de novo*. *Botefur v. City of Eagle Point*, 7 F.3d 152, 156 (9th Cir. 1993). The district court's decision to award attorney fees to class counsel, and the method of calculation, are reviewed for abuse of discretion. *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 778 (9th Cir. 2022).

1. The district court did not err when interpreting the settlement agreement's attorneys' fee provision. Under Hawaiʻi law, absent an ambiguity, the "terms of contract should be interpreted according to their plain, ordinary and accepted use in common speech, unless the contract indicates a different meaning."

without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Laeroc Waikiki Parkside, LLC v. K.S.K. (Oahu) Ltd. P'ship*, 166 P.3d 961, 973 (Haw. 2007). The settlement agreement provides for Class Counsel to be paid $1,500,000 in attorneys' fees and costs. On top of that, the plain language of the settlement agreement allows Class Counsel to seek "an additional $250,000.00" in attorneys' fees "upon application to and approval by the [District] Court." Finally, we agree with the district court that the settlement agreement also allows Class Counsel to "seek additional attorneys' fees and costs" beyond the $250,000 referenced above upon "a written request to the Court with notice to" HIDOE and an opportunity for HIDOE to respond. In other words, $250,000 is not a "cap" on additional attorneys' fees, but an amount disbursable upon approval of the district court. If Class Counsel seeks "additional" fees beyond that, it must comply with the more stringent notice requirements.

2. The district court was within its discretion to apply an "across-the-board" fee reduction before removing duplicative entries, *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013), and when setting Class Counsel's hourly rates according to the court's own knowledge regarding prevailing market rates. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

3. The district court, however, failed to state whether incremental fees disbursed before the court's April 2022 order were accounted for in the $430,608.50 award. HIDOE identifies $210,032.45 that was previously disbursed in incremental

payments.  We cannot determine whether these disbursements were accounted for in the final $430,608.50 award.  On remand, the district court should make clear if and how it factored in these incremental disbursements when awarding $430,608.50, and, if necessary, reduce the overall award accordingly.

**AFFIRMED** in part, **REMANDED** in part for proceedings consistent with this memorandum disposition.