NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RYAN SIX, | No. 23-15887 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-00203-MTL |
| v. | |
| IQ DATA INTERNATIONAL, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Argued and Submitted May 17, 2024
Phoenix, Arizona

Before: GRABER, DESAI, and DE ALBA, Circuit Judges.

Ryan Six sued IQ Data International, Inc. ("IQ"), a debt collection company, under § 805(a)(2) of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692c(a)(2). Six claims that IQ violated the Act because he received a debt verification letter from IQ after he notified the company to send all correspondence to his counsel. The district court dismissed the case for lack of jurisdiction. On

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

appeal, Six challenges the dismissal, as well as the court's denial of Six's motion to strike affirmative defenses, its resolution of the parties' joint discovery dispute based on attorney-client privilege, and its modified grant of attorneys' fees.

We review the district court's resolution of a discovery dispute for an abuse of discretion, *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004), but review de novo the district court's findings on whether the attorney-client privilege was waived, *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340 (9th Cir. 1996). We also review attorneys' fee awards for an abuse of discretion. *Roberts v. City of Honolulu*, 938 F.3d 1020, 1023 (9th Cir. 2019). We have jurisdiction under 28 U.S.C § 1291. We affirm the district court's resolution of the parties' joint discovery dispute and its modified grant of attorneys' fees.[1]

1.      The district court did not abuse its discretion by finding that IQ was not required to produce the notes that its corporate representative had on his desk during his deposition. The notes are covered by attorney-client privilege because they were created by the corporate representative during a deposition preparation meeting with IQ's counsel. *See United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (outlining the elements of attorney-client privilege); *Upjohn Co. v. United States*, 449 U.S. 383, 397 (1981) (finding that notes are privileged to the extent that they

---

[1]     In a separately filed opinion, we reverse and remand the district court's dismissal for lack of jurisdiction and, in light of that ruling, need not reach Six's challenge to the district court's denial of his motion to strike affirmative defenses.

reflect confidential communications between employees and company attorneys).

And while IQ's counsel agreed to share a copy of the notes, the attorney-client

privilege was not waived because the notes were never physically disclosed.[2] *See*

*Tennenbaum*, 77 F.3d at 340 (holding that a "mere promise to waive the privilege,

without a disclosure of privileged communications," does not constitute a waiver).

2.    The district court did not abuse its discretion when it determined the

amount of reasonable fees to award to Six. After finding that IQ filed a frivolous

Rule 11 motion and opposed Six's requests for extensions of time to harass him, the

district court invited Six's counsel to file a motion for attorneys' fees. The district

court limited the award to fees incurred in relation to IQ's misconduct. Six filed a

motion for fees, and the district court granted the motion with modifications pursuant

to 28 U.S.C. § 1927 and its inherent authority.

The district court has "a great deal of discretion" to award fees and to

determine what amount of fees is reasonable. *Camacho v. Bridgeport Fin., Inc.*, 523

F.3d 973, 978 (9th Cir. 2008) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398

(9th Cir. 1992)). Six argues that the district court abused its discretion by reducing

his requested attorneys' fees in several ways, but none of the district court's

---

[2]    Six also argues that Federal Rule of Evidence 612 requires production of the notes regardless of privilege. But even assuming that the rule applies to depositions, there is no evidence that the representative referenced the notes before or during the deposition.

decisions amounted to an abuse of discretion.

First, the district court properly considered "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation" when it determined that a reduced hourly rate was appropriate. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (per curiam) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986)). Second, because a "somewhat cursory explanation will suffice" where the difference between a lawyer's request and the court's award is relatively small, *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008), the court's reduction of travel time was reasonable. Third, it was within the district court's discretion to reduce time for "unnecessarily duplicative work," *id.* at 1112, and block-billed entries, *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Fourth, because the court awarded fees under both 28 U.S.C. § 1927 and its inherent authority, it was reasonable to apply Arizona Local Rule of Civil Procedure 54.2(e) to exclude certain sought hours. Fifth, because the district court expressly stated that any award would be limited to fees incurred in relation to certain portions of the proceedings, it was within the court's discretion to exclude fees for conduct that it reasonably determined was outside the scope of the fee award. *See Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 601, 603 (9th Cir. 2016) (finding that the court abuses its discretion when the decision is "beyond the pale of reasonable justification" (quoting

*Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000)).

We thus affirm the district court's resolution of the discovery dispute and its modified grant of attorneys' fees.

**AFFIRMED.**